IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA A. NELSON, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:19-cv-377 |
| A PLACE FOR MOM, INC., | | JUDGE WALTER H. RICE |
| Defendant. | : | |

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (DOC. #12); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff, Debra Nelson, filed suit against her former employer, A Place for Mom, Inc. ("APFM"), alleging wrongful discharge in violation of Ohio's public policy. This matter is currently before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, Doc. #12.

I. **Background and Procedural History**

APFM provides referral services for elderly individuals in need of independent or assisted living facilities. Plaintiff Debra Nelson worked for APFM as a sales representative. According to the Amended Complaint, Nelson was concerned that APFM's business practices violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). HIPAA protects the privacy of patient

health information. Individuals who violate HIPAA may be subject to fines, criminal or civil liability. 42 U.S.C. §§1320d-5 and 1320d-6.

Nelson maintains that, in violation of HIPAA, she was asked to obtain private health care information about patients and, without their permission, provide it to APFM to be used to persuade the patients and their families to move to one of APFM's partnering independent or assisted living facilities. Nelson alleges that she reported her concerns to management officials, but they did nothing to address her concerns.

Nelson further alleges that, in early 2018, APFM implemented a new salary program "which essentially required Plaintiff to actively violate HIPAA in order to receive payment for her services and meet goals required to remain employed." Doc. #8, PageID#43. The new policy "mandated that Plaintiff seek private health information so that it would become public information." *Id.* Nelson again raised her concerns with senior management officials, who refused to address the issue. Concerned that she would face personal liability for HIPAA violations, or possible criminal liability and fines, Nelson alleges that she was forced to resign her employment in October of 2018.

In October of 2019, she filed suit against APFM in the Montgomery County Court of Common Pleas. APFM removed the case to federal court based on diversity jurisdiction. After Nelson filed an Amended Complaint, Doc. #8, asserting one claim for wrongful termination in violation of Ohio public policy, APFM filed a Motion to Dismiss for Failure to State a Claim, Doc. #12.

2

## II.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the

plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

### III. Analysis

Nelson alleges that when she reported alleged HIPAA violations to her supervisors, APFM refused to address her concerns. She felt compelled to resign so that she would not subject herself to civil or criminal liability. Nelson maintains that constructively terminating an employee who refuses to violate HIPAA violates the public policy of the State of Ohio. Doc. #8, PageID#45. APFM argues, however, that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Doc. #12. The Court agrees.

APFM argues that: (1) Nelson failed to plead facts sufficient to support a finding that the policies and procedures about which she complained actually violated HIPAA; and (2) HIPAA does not articulate a clear public policy sufficient to support a claim of wrongful discharge in violation of public policy. The Court concludes that Ohio law does not recognize a public policy exception to the

4

employment-at-will doctrine for employees who allege that they were terminated in violation of a public policy manifested in HIPAA. On this legal basis, Nelson has failed to state a claim upon which relief may be granted. Accordingly, the Court need not address APFM's alternative argument concerning the sufficiency of the factual allegations contained in the Amended Complaint.

Absent an employment agreement, employees are considered to be employees at will whose termination does not typically give rise to a claim for damages. *Dohme v. Eurand Am., Inc.*, 2011-Ohio-4609, 130 Ohio St. 3d 168, 956 N.E.2d 825, at ¶ 11. An exception exists if the employee is discharged "in contravention of a clear public policy articulated in the Ohio or United States Constitution, federal or state statutes, administrative rules and regulations, or common law." *Id.* (citing *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, paragraph one of the syllabus). This public policy exception, however, is to be narrowly applied. *Dean v. Consol. Equities Realty #3, LLC*, 2009-Ohio-2480, 182 Ohio App. 3d 725, 914 N.E.2d 1109, at ¶ 12.

A terminated employee has a cause of action for wrongful discharge in violation of public policy if she proves the following:

> 1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

5

        3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
        4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Dohme*, 2011-Ohio-4609 at ¶¶ 12-16 (quoting *Painter v. Graley* (1994), 70 Ohio St. 3d 377, 384, 639 N.E.2d 51 n.8). The first two elements are questions of law; the second two elements are questions of fact. *Id.* at ¶ 17.

With respect to the first element, the "clarity" element, Ohio courts typically require "a statute underlying a *Greeley* claim to parallel the public policy set forth in Ohio's whistleblower statute, R.C. § 4113.52. *See, e.g., Hale v. Volunteers of Am.*, 158 Ohio App. 3d 415, 427, 816 N.E.2d 259 (Ohio Ct. App. 2004)." *Crowley v. St. Rita's Med. Ctr.*, 931 F. Supp. 2d 824, 829-30 (N.D. Ohio 2013). Ohio's whistleblower statute imposes a duty on an employee to report violations of:

> any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation is a criminal offense that is likely to cause *an imminent risk of physical harm to persons or a hazard to public health or safety*.

Ohio Rev. Code § 4113.52(A)(1)(a) (emphasis added).[1]

Accordingly, "[i]n order to parallel the whistleblower policy, courts have found that the statute must be one that 'imposes an affirmative duty on the employee to report a violation, [or] specifically prohibit[s] employers from

---

[1] Employees who make such reports are protected from disciplinary and retaliatory action. Ohio Rev. Code § 4113.52(B).

6

retaliating against employees who had filed complaints, or that protect[s] the public's health and safety.'" *Crowley*, 931 F. Supp. 2d at 830 (quoting *Dean*, 182 Ohio App. 3d at 729, 914 N.E.2d 1109).[2] In *Crowley*, the court noted that "[w]ithout these limitations, *Greeley* claims could evolve from exceptions to the employment-at-will doctrine to the rule itself." 931 F. Supp. 2d at 831.

APFM argues that Nelson cannot satisfy the clarity element because HIPAA is not an independent source of public policy that parallels the public policy set forth in the Ohio Whistleblower Statute. The Court agrees.

In *McGowan v. Medpace, Inc.*, 2015-Ohio-3743, 42 N.E.3d 256, the First District Court of Appeals noted that, although HIPAA "manifests an important and useful public policy," it protects only patient privacy. *Id.* at ¶ 26. The court held that HIPAA does not support a wrongful-discharge claim because HIPAA does not: (1) "place an affirmative duty on an employee to report a violation"; (2) "prohibit

---

[2] As noted in *Hale v. Mercy Health Partners*, 20 F. Supp. 3d 620, 638 (S.D. Ohio 2014), *aff'd*, 617 F. App'x 395 (6th Cir. 2015), other Ohio courts have *implicitly* imposed the same requirements. *See Sutton v. Tomco Machining, Inc.*, 129 Ohio St. 3d 153, 160, 950 N.E.2d 938 (2011) (clarity element satisfied where underlying statute prohibited retaliation against employees who pursued worker's compensation claims); *Dolan v. St. Mary's Mem'l Home*, 153 Ohio App. 3d 441, 794 N.E.2d 716 (1st Dist. 2003) (clear public policy in nursing home patient's bill of rights codified in Ohio statutory law because it protects the health and safety of patients and prevents retaliation); *Kulch v. Structural Fibers*, 78 Ohio St. 3d 134, 677 N.E.2d 308 (1997) (clarity element satisfied where public policy at issue was employee safety and the plaintiff invoked the federal OHSA statute along with related federal laws).

an employer from retaliating against an employee who [reports] a violation"; or (3) "protect the public's health and safety." *Id.* at ¶25. *See also Kenner v. Grant/Riverside Med. Care Found.*, No. 13cv001273, 2014 WL 7368635, at **6-7 (Ct. Com. Pl. Sept. 29, 2014) (holding that wrongful discharge claim premised on violations of HIPAA regulations cannot satisfy the clarity element).

Nelson relies on the earlier case of *Wallace v. Mantych Metalworking*, 2010-Ohio-3765, 189 Ohio App. 3d 25, 937 N.E.2d 177, at ¶¶41-44, in which the court found that HIPAA manifested "a clear public policy favoring the confidentiality of medical information," and that the termination of an employee who reported a HIPAA violation would jeopardize that public policy. The court nevertheless concluded that, because there was no evidence to support the claimed HIPAA violation, the trial court properly granted summary judgment in favor of the employer. *Id.* at ¶45.

*Wallace* is not persuasive for several reasons. First, the court's discussion of whether HIPAA manifests a clear public policy is dicta. Second, the court did not address the question of whether the public policy at issue must parallel Ohio's whistleblower statute. The *McGowan* court rejected the *Wallace* opinion, holding that although "HIPAA manifests an important and useful policy, [] the protection of patient privacy is not the type of public policy contemplated by *Hale* and *Dean*." *McGowan*, 2015-Ohio-3743, at ¶26. Notably, *Wallace* has never been cited for the proposition that HIPAA can support a claim of wrongful discharge in violation of public policy under Ohio law.

Based on the foregoing, the Court concludes that Ohio law does not recognize a public policy exception to the employment-at-will doctrine for employees who allege that they were terminated in violation of a public policy manifested in HIPAA. Therefore, as a matter of law, Nelson has failed to state a plausible claim for relief.

IV.   Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, Doc. #12. Given that Plaintiff's claim fails as a matter of law and that any amendment would be futile, the court DISMISSES the claim WITH PREJUDICE.

Judgment shall be entered in favor of Defendant and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 11, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE